**JF**

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

George Cohen
1225 Mercy Street
Philadelphia, PA 19148

AND

Chong Cohen fka Chong Hwa
1225 Mercy Street
Philadelphia. PA 19148
    Plaintiff,

v.

Weltman, Weinberg & Reis, Co., L.P.A.
c/o Alan Weinberg, Partner
323 W. Lakeside Avenue
Suite 200
Cleveland, Ohio 44113

    Defendants.

CASE NO.: **07 1763**

JUDGE:

**COMPLAINT FOR DAMAGES
UNDER THE FAIR DEBT
COLLECTION PRACTICES ACT
AND OTHER EQUITABLE RELIEF**

**JURY DEMAND**

### JURISDICTION AND VENUE

1. Jurisdiction is founded on 28 U.S.C. §1331 pursuant to the Fair Debt Collections
   Practices Act (FDCPA), 15 U.S.C. §1692.  Venue is proper in this district because
   this is the judicial district where all of the events giving rise to the cause of action
   took place.

### FACTS COMMON TO ALL COUNTS

2. The Plaintiffs are persons who incurred a consumer debt primarily for personal,
   family or household purposes.

3. Defendant is a corporation doing business primarily as a consumer debt collector.

4. Defendant is a debt collector as defined by the FDCPA, 15 U.S.C. §1692a(6).

5. The Plaintiffs are consumers as defined by 15 U.S.C. §1692a(3).

6.  The debt in question qualifies as a "debt" as defined by 15 U.S.C. §1692a(5).

7.  Defendant is either the holder of the debt or was retained by the current holder to collect the debt.

8.  All of Defendant's actions occurred within one year of the date of this Complaint.

9.  Plaintiffs retained Legal Helpers, P.C. to file a Chapter 7 Bankruptcy on July 7, 2006.

10. Plaintiffs decided to file bankruptcy due to the frequency of debt collection phone calls and the contents of such telephone calls.

11. Plaintiff George Cohen (George), excited to end the phone calls, telephoned Discover on July 7, 2006 to notify Discover that it had retained bankruptcy counsel and was not to be contacted again. An automated phone message directed George to contact (614) 228-7272. George hung up the phone and dialed as directed.

12. Plaintiff soon discovered that this phone number was the number for Defendant.

13. Plaintiff was placed on hold for over five minutes and decided he would call back at a later date.

14. On Monday, July 12, 2006, George called two more times, each time being placed on hold for a prolonged period of time.

15. Finally, during the second telephone call made on July 12, 2006, George spoke to an employee of Defendant and informed it that he and his wife had hired an attorney and provided Legal Helper's phone number, website address, attorney name and file number with Legal Helpers. George asked not to be contacted again and instructed Defendant to contact Plaintiffs' attorney. Defendant inquired if Plaintiff Chong Hwa (Chong) was George's Wife and if they were filing jointly. George responded affirmatively.

16. A week later, Plaintiffs received a letter from Defendant demanding payment. George, thinking it was sent by mistake, discarded or otherwise disposed of it.

17. On or around August 17, 2006, Plaintiffs received another letter from Defendant demanding payment. Not more than three days later, Plaintiff called Defendant, again, and spoke to an employee of Defendant. George explained that he had called a month earlier and informed them that Plaintiffs hired an attorney and all communication needed to take place through him.

18. During this telephone call, the employee brought Plaintiffs' file up on their computer and acknowledged that they did have the information and repeated back all of Plaintiffs attorney information as then showing in Plaintiff's file.

19. This information provided by the employee was identical to the information George provided a month earlier.

20. After providing such, the employee inquired how much more Plaintiffs had to pay his attorney before filing.

21. George responded and the employee of Defendant stated that Plaintiff should hurry up because they were "pushing ahead".

22. To George, this meant that they were "pushing ahead for a judgment".

23. George explained to the employee of Defendant that he was ignorant of the law and he would rather have her speak with their attorney.

24. Plaintiffs contacted Legal Helpers to explain the continuous contact by Defendant.

25. In September, 2006, Plaintiffs received one or two messages, evidencing communication, on their telephone answering machine from Defendant. In response, Plaintiffs contacted their attorney once again and explained the current situation.

26. On or about November 6, 2006, Plaintiffs received a communication from Defendant via U.S. Mail.

27. On or about November 14, 2006, Plaintiffs received a message, evidencing communication, on their telephone answering machine from Defendant.

28. On or about December 6, 2006, Plaintiffs received a communication from Defendant via U.S. Mail.

29. The letters sent to Plaintiffs stated the "Balance Due" was exactly the same amount each time, despite being sent months apart and while interest was accumulating.

30. Defendant violated the Fair Debt Collection Practices Act.

## COUNT ONE

### Violation of the Fair Debt Collection Practices Act

31. Plaintiffs incorporate each of the preceding allegations as if specifically stated herein.

32. In demanding payment in the amount that it did, Defendant violated 15 U.S.C. §1693e(2) in that it falsely represented the character and amount of the debt.

## COUNT TWO

### Violation of the Fair Debt Collection Practices Act

33. Plaintiffs incorporate each of the preceding allegations as if specifically stated herein.

34. The Defendant violated 15 U.S.C. §1692c in that it continued, on multiple occasions, to contact Plaintiffs notwithstanding the fact that the defendant was told they were represented by an attorney.

## COUNT THREE

### Violation of the Fair Debt Collection Practices Act

35. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

36. The Defendant violated 15 U.S.C. §1692e(4) in that it threatened legal action where such action was not contemplated, and stated for the sole purpose of terrifying the Plaintiffs.

## COUNT FOUR

### Violation of the Fair Debt Collection Practices Act

37. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

38. The Defendant violated 15 U.S.C. §1692e in that their actions were unfair and/or

    unconscionable means to collect a debt.

## COUNT FIVE

### Violation of the Fair Debt Collection Practices Act

39. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

40. The Defendant violated 15 U.S.C. §1692e(10) by stating Plaintiffs would be sued

    when, in fact, no lawsuit was intended.

## COUNT SIX

### Violation of the Fair Debt Collection Practices Act

41. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

42. All of the above statements, actions and activities are deceptive and misleading in

    violation of 15 U.S.C. §1692.

## COUNT SEVEN

### Violation of the Fair Debt Collection Practices Act

43. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

44. Plaintiffs are emotionally distraught and have been compelled to hire counsel to

    prosecute this action.

45. Defendant has damaged Plaintiff mentally and emotionally and has caused a great

    degree of anxiety and stress.

## JURY DEMAND

46. . Plaintiff demands a jury trial.

## PRAYER FOR RELIEF

47. Plaintiff prays for the following relief:

    a.  Judgment against defendant for actual damages, statutory damages

        pursuant to 15 U.S.C. §1692k and costs, and reasonable attorney's fees

        pursuant to 15 U.S.C. §1692k.

    b.  For such other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

Legal Helpers, P.C.

By: _____

Thomas M. Nicely
Bar No. 92759
Attorney for Plaintiff
c/o Jeffrey S. Hyslip
20 West Kinzie; Suite 1300
Chicago, IL 60610
Telephone: 1.866.339.1156
jsh@legalhelpers.com